IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William L. Crawford, #233206, ) | |
| ) | Civil Action No. 6:04-21840-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jon Ozmint, Director of SCDC; South ) | |
| Carolina Department of Corrections; ) | |
| and Accutane Medication ) | |
| Manufacturer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on a motion to dismiss filed by defendants Jon Ozmint (Ozmint) and South Carolina Department of Corrections (SCDC).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed his complaint on August 13, 2004, alleging that the defendants violated his constitutional rights while he was incarcerated at Perry Correctional Institution (PCI) "during the middle 1980's" (compl. ¶ 4). On October 13, 2004, defendants

Ozmint and SCDC filed a motion to dismiss.[1] By order filed on October 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The plaintiff filed a response to the defendants' motion on November 18, 2004.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent

---

[1] Defendant Accutane Medication Manufacturer has not been served in this action. The summons submitted by the plaintiff for defendant Accutane Medication Manufacturer was addressed to "Accutane Medication Manufacturer (Defence Counsel) Ennis & Ennis, 2500 Airport South, Suite #105, Naples, FLA 34112." The summons was returned by the U.S. Marshals Service as executed on Ennis & Ennis on September 14, 2004. However, in a letter dated October 6, 2004, David E. Ennis, Esq., advised the court that Ennis & Ennis did not represent Accutane Medication Manufacturer and, therefore, service was not properly effected. By order of this court filed March 31, 2005, the plaintiff was given through April 25, 2005, to provide a more accurate service address for Accutane. He was advised that failure to do so would result in dismissal of Accutane as a defendant in this action for lack of prosecution. The defendant has not responded to that order.

standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## ANALYSIS

### *Statute of Limitations*

Defendants Ozmint and SCDC contend that the plaintiff's claims are barred by the statute of limitations. Because §1983 does not explicitly provide its own statute of limitations, the court is to look to the personal injury statute of limitations from the relevant state. *Garrett v. Elko*, 120 F.3d 261 (4th Cir. 1997) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Although the limitation period is borrowed from state law, the question of when a cause of action accrues under §1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

The South Carolina statute of limitations for personal injuries is three years. *See* S.C. Code Ann. 15-3-530(5). The plaintiff claims that he was provided inappropriate medical treatment when he was an inmate at PCI "during the middle 80's" and was treated for cystitis with Accutane (compl. ¶ 4). Although he stopped taking Accutane three weeks

3

after he started, he claims that he suffered complications from the medicine in the late 80s and early 90s (compl. ¶ 4). The court agrees that the plaintiff's claims are barred by the three-year statute of limitations.

*Eleventh Amendment Immunity*

When a defendant is sued in an official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the United States Supreme Court analyzed the interplay between §1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. (Citations omitted.)

The Court noted that Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70. The Court held a "[s]tate is not a person within the meaning of §1983." *Id*. The Court then held that a suit against state officials acting in their official capacities is actually against the state. Thus, officials acting in their official capacity are also not "persons" within the meaning of that term as used in §1983. Accordingly, state officials may only be sued in their individual capacities. Thus, the SCDC

and Ozmint arms of the State of South Carolina are entitled to Eleventh Amendment immunity.

Further, in order for a person to be individually liable under §1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). Consequently, defendant Ozmint must have had personal knowledge of and involvement in the alleged deprivation of plaintiffs' rights in order to be liable. Although the plaintiff refers collectively to the defendants' conduct throughout his complaint, there is no allegation that Ozmint ever had any personal involvement with the plaintiff's alleged deprivations. Thus, to the extent the plaintiff is suing Ozmint in his individual capacity, his claims are barred because it has not been alleged that he had personal involvement in the matters complained of by the plaintiff.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the motion to dismiss filed by defendants Ozmint and SCDC be granted. It is further recommended that defendant Accutane Medication Manufacturer be dismissed for failure to prosecute. All pending non-dispositive motions will be held in abeyance pending the district court's disposition of the motion to dismiss. Should the district judge adopt this court's recommendation, the motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

April 26, 2005

Greenville, South Carolina