

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WILLIAM L. CRAWFORD, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:04-21840-HFF-WMC |
| § | |
| JON OZMINT, Director of South Carolina § | |
| Department of Corrections; SOUTH § | |
| CAROLINA DEPARTMENT OF § | |
| CORRECTIONS; and ACCUTANE § | |
| MEDICATION MANUFACTURER, § | |
| § | |
| Defendants. § | |
| § | |

ORDER

## I.    INTRODUCTION

This is a § 1983 action. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report), in which he suggests that Defendants Ozmint and the South Carolina Department of Corrections' (SCDC) motion to dismiss be granted and the action against Defendant Accutane be dismissed. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.     REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge William Catoe filed his report on April 26, 2005. Plaintiff filed his objections on June 2, 2005. The Court will now review each of Plaintiff's objections in turn.

## III.     PLAINTIFF'S OBJECTIONS

### *A.     Regarding Defendant Accutane*

Plaintiff first contends that he did not receive a copy of the Magistrate Judge's March 31, 2005, Order. In that Order, Judge Catoe warned Plaintiff that failure to provide a more accurate service address for Defendant Accutane by April 25, 2005, would result in dismissal of Plaintiff's claims against Defendant Accutane for failure to prosecute.

The Court is unconvinced that Plaintiff failed to receive the March 31, 2005, Order. There are no sworn statements in the record to support Plaintiff's claim, but, instead, merely bald allegations by Plaintiff of his contention. Nevertheless, assuming, without deciding, that Plaintiff did not receive the March 31, 2005, Order, the Court would still dismiss the claim against Defendant

Accutane *without prejudice* on the basis that the statute of limitations for his claim against Defendant Accutane has already expired.[1]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117, 1989 (E.D.Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville*, *supra*; and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [*sic*] a complaint frivolous.")(citation omitted).[2]

---

[1] The statute of limitations commenced in the mid 1980s when Plaintiff knew or should have known that he has a possible claim against Defendant Accutane.

[2] The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations: "Limitations statutes . . . are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human." *United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).

Accordingly, and in light of the record and the applicable law, the Court is persuaded that, as to Defendant Accutane, dismissal *without prejudice* is appropriate.[3]

      *B.      Statute of limitations for claims against Defendants Ozmint and SCDC*

Plaintiff maintains that his claims against Defendants Ozmint and SCDC are not barred by the applicable statute of limitations. The Court is unpersuaded.

The time period for the statute of limitations for federal civil rights violations is three years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (civil rights codes are governed by states' general personal injury limitations periods); S.C.Code Ann. § 15-3-530(5) (South Carolina's general personal injury limitations period).

Pursuant to Plaintiff's own complaint, his claim arose in the mid 1980s, when he allegedly suffered complications soon after prison officials allegedly treated him with Accutane. At that time, since he then knew or should have known that he had a possible claim, the statute of limitations commenced; and, at this late date, the statute of limitations for Plaintiff's claim has already expired. Thus, dismissal is appropriate.[4]

      *C.      Immunity*

According to Plaintiff, Eleventh Amendment immunity has been abolished. Plaintiff also argues, among other things, that South Carolina has waived its immunity through the purchase of third-party liability insurance. This is simply not the law.

---

[3]Plaintiff also contends that Defendant SCDC has withheld Defendant Accutane's address information from Plaintiff. Assuming, without deciding, that this allegation is true, in light of the foregoing discussion, this argument is of no moment.

[4]Contrary to Plaintiff's allegation otherwise, Section 15-3-40 of the South Carolina Code no longer provides that incarcerated individuals are under a disability for purposes of calculating the expiration of the applicable statute of limitations.

Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment "bars such suits unless the State has waived its immunity." *Id.* Because South Carolina has retained its right to sovereign immunity granted by the Eleventh Amendment, Plaintiff's claim against Defendant SCDC is improper.

Moreover, Defendant Ozmint is entitled to the same immunity as Defendant SCDC. "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. Thus, the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal citations omitted). Therefore, to the extent that Defendant Ozmint is sued in his official capacity, that action is also improper.[5]

    *D.*    *Other objections*

The Court has reviewed Plaintiff's remaining objections and also finds them to be without merit.


**IV.**    **CONCLUSION**

After a thorough review of the report and the objections thereto pursuant to the standard set forth above, and in light of the above discussion and analysis, the Court overrules Plaintiff's objections and adopts and incorporates herein the report to the extent that it does not contradict with this Order.

---

[5] For the reasons set forth in the report, Defendant Ozmint is also immune from suit in his individual capacity.

Accordingly, Defendants Ozmint and SCDC 's motion to dismiss is **GRANTED** and the action against Defendant Accutane is **DISMISSED** *without prejudice*. All remaining motions are, thus, rendered **MOOT**.

**IT IS SO ORDERED.**

Signed this 12th day of August, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.